# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0642, <u>In the Matter of Crystal Ndyaija and Joshua Ndyaija</u>, the court on August 16, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The respondent, Joshua Ndyaija (father), appeals an order of the Circuit Court (<u>DalPra</u>, M.; approved by <u>Introcaso</u>, J.) denying his motion for contempt against the petitioner, Crystal Perry, formerly known as Crystal Ndyaija (mother). He contends that the trial court erred in several ways, including by denying his motion based upon a different provision of the parties' agreed-upon final parenting plan than the provision he claimed the mother had violated.

The interpretation of a trial court order is a question of law, which we review <u>de</u> <u>novo</u>. <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008). Although the father requests that we examine the trial court's ruling for plain error, <u>see</u> <u>Sup. Ct. R.</u> 16-A, the father raised this issue in the trial court, and, thus, it is preserved.

The father's motion for contempt alleged that he had notified the mother that one or more parenting disagreements had not been resolved through their email communications, as required by paragraph H of the parenting plan, but that the mother had refused to meet as required by paragraph H of the parenting plan. In denying the motion, the trial court found that "face-to-face meetings are not required except for a meeting in March 2017 to discuss changes in the Plan when the child attends school in September." However, this finding describes paragraph G of the parenting plan, not paragraph H.

On its face, paragraph H provides that the parties "shall" meet "within fourteen (14) days of notice <u>by one party</u> that an email resolution [to a parenting disagreement] has not been reached." (Emphasis added.) The father alleges that one or more such disagreements have not been resolved via email. The mother represented to the trial court, and on appeal, that she "informed [the father] . . . that the issues had in fact been resolved." However, this unilateral decision does not conform to paragraph H. Moreover, in denying the motion, the trial court erroneously found that meetings are not required under the plan except in a limited circumstance governed by paragraph G; it did not find that all disagreements had in fact been resolved.

Accordingly, we vacate the trial court's order and remand for consideration of paragraph H of the parenting plan. In light of this conclusion, we need not address the father's other arguments. Upon remand, the trial court shall make specific findings of fact and rulings of law to facilitate any future appellate review.

Vacated and remanded.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**